A94A1045. IN THE INTEREST OF J. M. G., a child.
(448 SE2d 785)

McMURRAY, Presiding Judge.

A hearing on a petition to terminate the parental rights of the parents of J. M. G. was conducted shortly after her second birthday before the Juvenile Court of Douglas County. The juvenile court entered an order terminating parental rights and the father alone appeals, raising several enumerations related to the conduct of the hearing. *Held:*

1. The first two enumerations of error complain of the admission of evidence concerning the living conditions and economic circumstances of the child's foster parents who have expressed an interest in adopting the child. Appellant maintains that this evidence should have been barred as irrelevant, and indeed it was not relevant to the first portion of the test under OCGA § 15-11-81 (a), the determination of whether there was clear and convincing evidence showing parental misconduct or inability. However, the evidence in question was relevant to the second part of the statutory test, a determination of whether termination of the parental rights of the natural parents was in the best interest of the child, since it shows the merits of an alternative placement available to the child. As the juvenile court stated this distinction in overruling appellant's objection, the record does not suggest any improper consideration of the evidence.

Nor does the admission of this evidence amount to sanctioning a termination of parental rights solely due to a relative lack of wealth on the part of the natural parents. Compare *Shover v. Dept. of Human Resources,* 155 Ga. App. 38 (270 SE2d 462). Also, it should be noted that such evidence concerning alternative placements available to children does not inevitably support termination of the parental rights of the natural parents.

2. The juvenile court did not abuse its discretion in finding that appellant's carelessness contributed significantly to a near drowning of a separate child who is the half sibling of J. M. G. and the biological child of appellant. While appellant maintains that this finding was not supported by the evidence, such is not correct.

The factual finding appears to be based in part on appellant's testimony that: "We wasn't paying no attention to what he was do

ing." While appellant went on to attempt to attribute responsibility for the incident to his then wife who was also present and who appellant maintains left a bucket of water accessible to the two-year-old child, the juvenile court was authorized to view appellant's initial admission as having greater probative value. In any event, appellant was present and must have been aware that the child was unattended immediately prior to falling into the water bucket.

3. The fourth enumeration of error contends that the juvenile court erred in concluding that appellant wilfully and wantonly failed to support the child as contemplated by OCGA § 15-11-81 (b) (2). Appellant was subject to a court order to pay $20 a week for the support of his child and for a period greater than one year made no payment. While there was evidence as to fluctuations in appellant's income, since no payments were made even in weeks when appellant made several hundred dollars we find the juvenile court's finding to be authorized by the evidence. We also reject the unsupported supposition that appellant's obligation to pay child support terminated with the filing of the petition for termination of parental rights.

4. The fifth enumeration of error also challenges the juvenile court's finding of fact, that appellant's misconduct and inability to care for the child is likely to continue or will not likely be remedied. While appellant concedes there is evidence of his present inability to care for his daughter, he relies upon other evidence which suggests that he has the ability to learn to care for her. However, this factual issue was determined against appellant in that the juvenile court found that appellant "lacks the capability to learn sufficient skills to enable him to care for the subject child in a sufficient manner to ensure even reasonably minimal health and safety." This conclusion was supported by clear and convincing proof consisting of evidence as to the lack of care rendered by appellant and the child's mother before custody was removed, by evidence of appellant's past unwillingness and lack of motivation to acquire the skills necessary for care of the child, and by evidence of appellant's continuing unwillingness to provide any support for the child. In determining the likely course of conduct in the future, the juvenile court may look to the past conduct of the parent. *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368). See also *In re L. A.; P. G.; J. G.; A. A.*, 166 Ga. App. 857 (305 SE2d 636).

5. In his sixth and final enumeration of error, appellant contends that the juvenile court abused its discretion in ruling that there was a medically verifiable deficiency of the appellant's physical, mental, or emotional health of such duration or nature as to render the parent unable to provide adequately for the physical, mental, emotional, or moral condition and needs of the child. See OCGA § 15-11-81 (b) (4) (B) (i). However, expert testimony was introduced concerning a psy-

chological evaluation of appellant which shows that he is mildly retarded with a full scale IQ of 68, and was diagnosed as having an adjustment disorder with depressed mood, and exhibited a schizoid personality. The psychologist opined that appellant lacked the ability to care for his daughter alone, noting a poor self concept as exhibited by his lack of motivation and poor personal hygiene. The absence of any remedy for these circumstances was also noted. Indeed, appellant was limited in his ability to even care for himself, being dependent upon others to a great degree for the necessities of life and not being capable of functioning independently. The juvenile court's findings that there was present clear and convincing evidence of parental misconduct or inability, and the conclusion that the factor stated in OCGA § 15-11-81 (b) (4) (B) (i) was applicable, were authorized by the evidence. *In the Interest of R. E. C.*, 187 Ga. App. 35, 39 (369 SE2d 323).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 4, 1994.

*Jerry F. Pittman*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, M. Ellene Welsh, Robert A. Kunz, James H. Lewis,* for appellee.